UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES SMITH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 2:15 CV 55 CDP |
| GARY BABICH, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Missouri state prisoner Charles Smith brings this action under 42 U.S.C. § 1983 alleging that prison officials and medical personnel were, and continue to be, deliberately indifferent to his serious medical needs – and specifically, to his hepatitis C condition – in violation of his Eighth Amendment right to be free from cruel and unusual punishment. In his *pro se* complaint, Smith seeks monetary and injunctive relief.[1] Defendant Richard Griggs is the deputy warden at the correctional center where Smith is incarcerated and moves to dismiss Smith's complaint to the extent it raises claims against him. Because Smith has sufficiently alleged facts showing that he may be entitled to relief against Griggs in both his official and personal capacity, I will deny Griggs' motion to dismiss.

---

[1] Smith has since been appointed counsel to assist him in this action. No amended complaint was filed, so this matter continues to proceed on Smith's original *pro se* complaint.

**Background**

When reviewing a motion to dismiss for failure to state a claim, I assume the allegations in the complaint to be true and construe the complaint in plaintiff's favor. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010); *Anzaldua v. Northeast Ambulance & Fire Prot. Dist.*, 978 F. Supp. 2d 1016, 1021 (E.D. Mo. 2013).

As is relevant to Griggs' motion, the complaint alleges that plaintiff Smith is an inmate in the Missouri Department of Corrections and is confined at the Northeast Correctional Center (NECC) in Bowling Green, Missouri. In 2007, Smith was diagnosed as having the hepatitis C virus (HCV). Since that time, prison medical providers have repeatedly failed to provide him with any form of substantive treatment for HCV due to the expensive costs, thereby causing his condition to deteriorate, producing a lingering death. Smith now has Stage IV cirrhosis and a number of other serious medical problems, such as cancer, esophageal varices, Barrett's Mucosa, and others.

Griggs is the deputy warden at NECC and is responsible for the care and treatment of inmates there. Smith alleges that he has personally spoken to Griggs regarding the circumstance of his medical condition, has "begged him to intervene both verbally and in writing through letters and other communications," and has given him details regarding the refusal by medical personnel to provide him with a life-saving cure that in turn has caused him

substantial injury, including being left to die. Griggs has refused to intervene, however, and has failed to take any remedial action.

Smith contends that Griggs is deliberately turning "a blind eye" to the medical providers' unconstitutional conduct "for fear of what other constitutional violations he might find." Smith further contends that Griggs' failure to intervene constitutes a failure to protect him from the unconstitutional and harmful conduct of the prison's medical providers, in violation of the Eighth Amendment.

## Discussion

Griggs seeks to dismiss Smith's complaint under Fed. R. Civ. P. 12(b)(6), arguing that the Eleventh Amendment bars the action against him inasmuch as Smith seeks redress against Griggs in only his official capacity. Griggs also argues that *respondeat superior* liability is inapplicable to claims under § 1983. Finally, Griggs contends that Smith's factual allegations fail to show that he personally participated in any violation of Smith's Eighth Amendment rights.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the Court must take all facts alleged in the complaint to be true, and construe the pleadings in the light most favorable to plaintiff. *Twombly*, 550 U.S. at 555-56; *Huggins,* 592 F.3d at 862; *Anzaldua,* 978 F. Supp. 2d at 1021. In addition, a *pro se* complaint, however inartfully pleaded, must be liberally construed and will be held to less stringent standards than formal pleadings drafted by lawyers.

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  However, to state claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  A complaint must plead more than "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Eleventh Amendment Immunity*

The Eleventh Amendment does not bar claims for prospective injunctive relief, even against state agents acting in their official capacities. *Nix v. Norman*, 879 F. 2d 429, at 432-33 (8th Cir. 1989). *See also Monroe v. Arkansas State Univ.,* 495 F.3d 591, 594 (8th Cir. 2007) (state officials may be sued in their official capacities for prospective injunctive relief).

In his complaint, Smith seeks monetary damages against each defendant, but also generally requests the Court's "intervention and order to provide Plaintiff emergency treatment for [his] serious medical need." (Compl., ECF #1 at para. 85.)  Because the complaint on its face shows that Smith seeks injunctive relief in this action, the Eleventh Amendment does not bar Smith's claims against Griggs to the extent they are brought against him in his official capacity.

To the extent Smith prays for monetary relief against Griggs, it is well established that § 1983 claims for damages brought against state officials acting in their official capacities are barred under the Eleventh Amendment because in these capacities they are not "persons" for § 1983 purposes. *Murphy v. State of*

*Ark.*, 127 F.3d 750, 754 (8th Cir. 1997). However, the Eleventh Amendment does not prevent a plaintiff from seeking damages from a state official acting in his personal capacity. *Id.* A plaintiff must clearly state in his complaint that the official is being sued in his personal capacity. *Id.*

In his complaint, Smith alleges that Griggs acted "directly and individually and under color of law." (Compl., ECF #1 at para. 12.) "[T]he Eleventh Amendment does not erect a barrier against suits to impose individual and personal liability on state officials under § 1983." *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991) (internal quotation marks and citation omitted). Smith states with sufficient clarity that he is suing Griggs individually and seeks to hold him individually liable for his alleged unconstitutional conduct.

Griggs' motion to dismiss based on Eleventh Amendment immunity will be denied.

### *Respondeat Superior*

Griggs also argues that his liability as a deputy warden cannot be established solely on a theory of *respondeat superior* and that Smith fails to allege that he violated the Constitution through his own individual actions. A review of Smith's complaint belies this contention.

It is well established that a prison official may not be held liable under § 1983 on a *respondeat superior* theory for the constitutional violations of a subordinate. *Lenz v. Wade,* 490 F.3d 991, 995 (8th Cir. 2007). A prison official is only liable for his own misconduct. *Whitson v. Stone Cnty. Jail*, 602 F.3d

920, 928 (8th Cir. 2010). "A prison official, nonetheless, violates the Eighth Amendment by failing to protect an inmate from a substantial risk of serious harm to the inmate." *Lenz*, 490 F.3d at 995.

In his complaint, Smith specifically claims that he was subjected to unconstitutional conduct by medical personnel, that he brought the matter to Griggs' personal attention, and that Griggs deliberately failed to act upon his complaints and remedy the violations in order to avoid the discovery of additional unconstitutional conduct. Smith contends that Griggs' personal conduct in his deliberate failure to address Smith's complaints constituted a failure to protect him from unconstitutional conduct, thereby leaving his serious medical condition at a stage likely to lead to his death.

These allegations sufficiently plead individual conduct on the part of defendant Griggs demonstrating that he personally displayed deliberate indifference to the substantial risk that Smith experienced and would continue to experience serious harm in the absence of adequate medical care.

Griggs' motion to dismiss on the basis of *respondeat superior* liability will be denied.

### *Sufficiency of Eighth Amendment Violation*

Griggs finally argues that Smith cannot show that Griggs violated his Eighth Amendment rights inasmuch as Smith has alleged no specific facts showing Griggs did or did not do anything to intentionally deny or delay Smith's access to medical care.

"An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical 'torture or a lingering death[.]'" *Estelle,* 429 U.S. at 103 (quoting *In re Kemmler*, 136 U.S. 436, 447 (1890)). "[T]he deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Id.* at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Such deliberate indifference may be manifested by prison doctors in response to a prisoner's needs or by other prison officials "in intentionally denying or delaying access to medical care." *Id.*

Taking Smith's allegations as true for purposes of this motion to dismiss, Smith has a serious and life-threatening medical condition that medical personnel refused to treat. Smith personally spoke to Griggs about the inadequate medical care and "begged him" to take action, but Griggs deliberately refused to do so to avoid the revelation of further unconstitutional conduct. In sum, Smith alleges that Griggs intentionally denied or delayed access to adequate medical care for his HCV condition by deliberately ignoring Smith's specific pleas to be provided care that is necessary to avoid death. Because the Eighth Amendment requires prison officials to ensure that inmates receive adequate medical care, *see Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the facts alleged in Smith's complaint sufficiently state an Eighth Amendment claim against Griggs that is plausible on its face.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Richard Griggs' Motion to Dismiss Plaintiff's Complaint [ECF #23] is denied.

This case will be set for a Rule 16 scheduling conference by separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of December, 2015.